COMMONWEALTH of Kentucky, Appellant

v.

Barry K. YOUNG, Appellee.

No. 2004–CA–002370–MR.

Court of Appeals of Kentucky.

Dec. 29, 2005.

---

**35.** *Eiland v. Ferrell,* 937 S.W.2d 713, 716 (Ky.1997)(citing *Cherry,* 634 S.W.2d at 423).

**36.** *Squires v. Squires,* 854 S.W.2d 765, 768 (Ky.1993).

Gregory D. Stumbo, Attorney General of Kentucky, Robert E. Prather, Assistant Attorney General, Frankfort, KY, for appellant.

David J. Guarnieri, Frankfort, KY, for appellee.

Before BUCKINGHAM, JOHNSON, and TACKETT, Judges.

## OPINION

TACKETT, Judge.

The Commonwealth of Kentucky appeals from an order of the Anderson Circuit Court allowing certain evidence of an alleged victim's behavior to be admitted in a rape prosecution. Barry Young, the defendant in this case, filed a motion prior to trial to introduce certain acts by the alleged victim in support of his defense that their sexual encounter was consensual. The trial court agreed to admit evidence of the prosecuting witness' sexual fantasy about the defendant, her multiple appearances at his place of employment prior to the incident, and her relationship with the Lawrenceburg City Police Department afterwards. The Commonwealth argues that this evidence violates Kentucky's rape shield rule. We disagree and affirm the trial court.

There is no agreement as to the events which took place on the night in question. The prosecuting witness alleges that, sometime in the summer of 2002, Young stopped her for a traffic violation and, using his authority as a police officer, coerced her into having intercourse with him in lieu of being arrested. She also claims that Young made threatening statements to her and told her that no one would believe her word over that of a cop. According to Young, he was on his way home after his shift ended at 3:00 a.m. when the alleged victim flagged him down. He was acquainted with her and, when he stopped to see what she wanted, she told him they needed to talk. Young claims they drove to the Anderson County Park in separate vehicles and, while they were there, engaged in consensual sex.

Sometime after their encounter, the prosecuting witness was working as a confidential informant for the police department. On March 25, 2003, she was at the County Attorney's office waiting for a warrant to be served on the target of the drug investigation in which she had been assisting. While she was waiting, Young called the County Attorney to ask for an arrest warrant in an assault case, and he was told to come by the office to pick it up. When the alleged victim became aware that Young was coming by the office, she be-

came upset and reported that he had raped her sometime the previous summer.

The Grand Jury indicted Young on charges of first-degree rape, intimidating a witness, first-degree official misconduct, and tampering with a witness. Prior to trial, Young submitted a sealed motion giving notice of his intent to introduce evidence covered by the rape shield rule. The trial court held an *in camera* hearing prior to swearing in the jury. Young proposed to offer evidence that the alleged victim 1) told a co-worker that she had a sexual fantasy about Young; 2) frequented his place of employment and flirted with him; 3) dated a doctor after the alleged rape and did not mention it to him; 4) maintained a relationship with the police department after the alleged rape; 5) fabricated the rape allegation to explain a pregnancy to her sterile husband; and 6) exchanged drugs for money and acted in homemade pornographic videos. The trial court ruled that the evidence regarding the alleged victim's relationship with the doctor and her prior sexual activities involving drugs and pornography would be excluded. Young withdrew his request to enter evidence of her pregnancy and her husband's sterility; however, the remaining evidence was held to be admissible. The Commonwealth then requested a continuance which the trial court granted over Young's objection. This interlocutory appeal followed.

 The Commonwealth argues that the trial court abused its discretion by finding evidence of the prosecuting witness' sexual fantasy, her previous flirtatious behavior, and her relationship with the police department which followed the alleged rape to be admissible. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,*

993 S.W.2d 941, 945 (Ky.1999). Kentucky Rule of Evidence (KRE) 412 sets forth the protections for victims of sexual crimes by restricting the type of evidence which can be admitted in a rape prosecution. The relevant portion of the rule reads as follows:

(a) Evidence generally inadmissible. The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual predisposition.

(b) Exceptions:

(1) In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:

(A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence;

(B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and

(C) any other evidence directly pertaining to the offense charged. . . .

The Commonwealth contends that the evidence which Young sought to offer is excluded under the rule and does not fall under any of the exceptions in KRE 412(b).

According to the Commonwealth, the prosecuting witness' conduct prior to the alleged rape did not constitute sexual behavior and, therefore, would not be admissible under KRE 412(b)(1)(B). The Commonwealth argues that the language of the

rule was meant to be construed narrowly and to limit the evidence to actual sexual contact between the parties. The alleged victim made statements to her co-worker that she wanted to engage in sex with Young to such a degree that it would melt the ice in the water cooler. She also commented, in reference to Young, that she "wanted some of that." The Commonwealth contends that, since she did not act on her wishes at the time these statements were made, the comments are more properly characterized as sexual predisposition, rather than sexual behavior which would be admissible under section (b)(1)(B) of the rape shield rule.

The case law in our jurisdiction interpreting this portion of Rule 412 is scant; however, Professor Robert Lawson's oft-cited treatise on Kentucky evidence law is instructive in resolving the issue. Kentucky's rape shield rule is modeled on Federal Rule 412, and Lawson quotes the Advisory Committee on the rule as follows:

> The rule … also exclude[s] all other evidence relating to an alleged victim of sexual misconduct that is offered to prove a sexual predisposition. This … is designed to exclude evidence that does not directly refer to **sexual activities or thoughts**. . . .

(emphasis added) Lawson, Robert G., *The Kentucky Evidence Law Handbook Fourth Edition*, LexisNexis, p. 161 (2003). Thus, in drafting Federal Rule 412, it was contemplated that sexual thoughts would be treated as behavior, rather than sexual predisposition. Since the prosecuting witness' sexual fantasy was directed toward Young, the trial court properly found that it constituted sexual behavior which is admissible under KRE 412(b)(1)(B).

■ The trial court also ruled that Young would be allowed to present evidence that the alleged victim frequented the Police Department when he was working at night and flirted or made sexual advances directed at him. Again, the Commonwealth argues that Young is seeking to introduce prohibited evidence of the prosecuting witness' sexual predisposition. KRE 412(b)(1)(C) permits the introduction of any other evidence directly pertaining to the offense charged. According to Lawson, this exception to the exclusionary nature of the rule, which does not mention sexual behavior, could be used to allow evidence of the alleged victim's sexual predisposition as long as it directly related to the charged offense. Lawson, p. 166. Young's entire defense to the charge of first-degree rape is that the sexual encounter was consensual; therefore, evidence of the alleged victim's predisposition to have sex with him would relate directly to the charged offense.

■ Finally, the Commonwealth objects to evidence that, after the alleged rape, the prosecuting witness had an ongoing relationship with the Lawrenceburg Police Department, which included work as a confidential informant. The Commonwealth argues that admitting this evidence violates the spirit of KRE 412 since Young would be seeking to prove that a woman who had been raped would not typically continue to frequent the place where her alleged attacker worked. Regardless of Young's reason for wishing to introduce the evidence, it in no way involves the prosecuting witness' sexual conduct and, as such, is not covered by Rule 412.

The Commonwealth contends that, even if we do not reverse the trial court's ruling on admissibility under KRE 412, the evidence would still be inadmissible under KRE 403 because its probative value is outweighed by its prejudicial nature. We disagree. This is a case which hinges

solely on the credibility of the prosecuting witness and Young. There is no medical evidence since the alleged rape was not reported for months. Excluding the evidence as the Commonwealth desires would be tantamount to denying Young his constitutional right to present a defense of consensual sexual contact.

For the foregoing reasons, the order of the Anderson Circuit Court is affirmed.

ALL CONCUR.